UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHANA BYNOE, EDWARD NANTZ, AND ADAM WHITE, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

EVOLVE BANK & TRUST,

    Defendant.

Case No. _____

Removed from Twentieth Judicial District, Davidson County, Tennessee (Case No. 24C2058)

## DEFENDANT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Evolve Bank & Trust ("Evolve"), by and through its undersigned counsel, hereby removes the above-captioned action from the Circuit Court for the Twentieth Judicial District, Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee, Nashville Division, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 27 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders in this case served in the state court. In support of this Notice of Removal, Evolve states as follows:

### I. OVERVIEW

1. Plaintiffs Chana Bynoe, Edward Nance, and Adam White ("Plaintiffs"), on behalf of themselves and all others similarly situated, commenced this action on August 22, 2024 by filing a Class Action Complaint, Case No. 24C2058, ("Compl.") in the Circuit Court for the

Twentieth Judicial District, Davidson County, Tennessee (the "State Court Action"), alleging claims against Evolve for invasion of privacy, breach of implied contract, unjust enrichment, negligence, negligence per se, breach of third-party beneficiary contract, and breach of fiduciary duty, in connection with a data breach.[1] *See* Ex. A, Compl. at 40-56 ¶¶ 194-245.

2. Plaintiffs served Evolve with the Complaint and Summons on September 16, 2024. *See* Ex. A, Proof of Service at 1. Evolve has not yet responded to the Complaint.

3. Therefore, this Notice of Removal is timely because Evolve filed this removal within 30 days of being served with the Complaint. *See* 28 U.S.C. § 1446 (notice of removal shall be filed within 30 days of service); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time period for removal begins when the defendant is served).

4. No other pleadings or substantive filings have been filed in the State Court Action.

5. Plaintiffs brought the State Court Action following a cybersecurity incident at Evolve, which Plaintiffs allege impacted Plaintiffs' and the proposed Class Members' "sensitive personal information, including but not limited to full names, addresses, date of birth, account information, and other personal information." *See* Ex. A, Compl. at 2 ¶ 5.

6. Plaintiffs purport to bring claims on behalf of themselves and two putative classes (the "Classes"), defined as (1) "[a]ll persons residing in the United States whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant" (the "Nationwide Class") and (2) "[a]ll persons residing in Tennessee whose PII was accessed and/or acquired by an unauthorized party as a result of the data breach at Defendant in or about March 2024," (the "Tennessee Class"). *See id*. at 37 ¶ 181.

---

[1] The allegations in the complaint are taken as true for purposes of this filing only.

7. Plaintiffs allege that both Classes are, in total, comprised of approximately 70 million individuals. *Id.* at 37 ¶ 185.

8. Plaintiffs assert seven causes of action[2] against Evolve for: (1) invasion of privacy; (2) breach of implied contract; (3) unjust enrichment; (4) negligence; (5) negligence per se; (6) breach of third-party beneficiary contract; and (7) breach of fiduciary duty. *See generally id*. at 40-56 ¶¶ 194-245.

9. The Complaint seeks: (1) certification of the two putative Classes; (2) "monetary relief, including actual damages, statutory damages, and punitive damages"; and (3) "injunctive and all other equitable relief as is necessary to protect the interests of Plaintiffs and Class Members." *Id*. at 56-58 ¶¶ 1-9.

10. Thirty-six class actions were previously filed against Evolve in federal court, asserting CAFA jurisdiction and alleging damages arising out of the same data breach. *See In re Evolve Bank & Trust Consumer Data Security Breach Litig.*, MDL No. 3127, ECF No. 40 (Aug. 22, 2024) (Defs.' Resp. to Pls.' Amend. Motion to Transfer and Centralize Related Actions Pursuant to 28 U.S.C. § 1407 at Ex. A, listing 35 related actions noticed to the United States Judicial Panel on Multidistrict Litigation); *id.*, ECF No. 86 (Notice of Related Action identifying thirty-sixth action for inclusion in MDL).

11. On October 4, 2024, the United States Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order for twenty-two of the related federal actions to be centralized for proceedings in the Western District of Tennessee before the Honorable Sheryl H. Lipman. *Id*., ECF No. 88. On October 7, 2024, the JPML issued a Conditional Transfer Order identifying nine

---

[2] The counts in Plaintiffs' Complaint appear to be mislabeled. Count V for Breach of Third-Party Beneficiary Contract should be labeled Count VI and Count VI for Breach of Third-Party Beneficiary Contract should be labeled Count VII for Breach of Fiduciary Duty.

3

additional tag-along actions for coordination and consolidation in the Western District of Tennessee before Judge Lipman.

12. Evolve, through counsel, specially appears for the purpose of this removal, and expressly reserves any and all defenses, objections, or motions available to Evolve under state or federal law, including without limitation any defenses under Rule 12 of the Federal Rules of Civil Procedure. *See, e.g.*, *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D. Mich. 1987) ("Removal does not waive any defense." (citations omitted)); *see also Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) ("This rule is now hornbook law: 'A party who removes an action from a state to a federal court does not thereby waive any of his or her Federal Rule 12(b) defenses or objections.'" (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1395 (3d ed. 2019))).

13. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Evolve satisfies the jurisdictional and procedural requirements for removal, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

14. Counsel for Evolve have conferred with counsel for Plaintiffs, and counsel for Plaintiffs consent to removal.

## II. GROUNDS FOR REMOVAL

15. Plaintiffs' Complaint is removable to this Court under CAFA. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction to class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy exceeds $5 million, aggregating all class members claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). Here, each of these requirements is readily met.

### A. Minimal Diversity of Citizenship

16. First, CAFA's minimal diversity requirement is satisfied. For purposes of removal, Evolve is a citizen of Arkansas and Tennessee because it is an Arkansas-chartered bank with its main office located at 301 Shoppingway Blvd., West Memphis, AR 72301 and corporate headquarters located at 6000 Poplar Avenue, Suite 300, Memphis, TN 38119. *See* State Chartered Banks, Arkansas State Bank Dept. (ASBD), https://banking.arkansas.gov/financial-institution-info/financial-institution-lists/state-chartered-banks (listing Evolve Bank & Trust as an Arkansas-chartered bank) (last accessed Oct. 7, 2024); Federal Deposit Insurance Corp., BankFind Suite: Institution Details – Evolve Bank & Trust (FDIC # 1299), https://banks.data.fdic.gov/bankfind-suite/bankfind/details/1299 (listing Evolve Bank & Trust's location and charter details) (last accessed Oct. 7, 2024). *See* 28 U.S.C. § 1332(c)(1) (deeming the citizenship of a corporation to be its state of incorporation and the state "where it has its principal place of business").

17. Though Plaintiffs each allege they are citizens of Tennessee and intend to remain in the State (Ex. A, Compl. at 6-7 ¶¶ 29-31), Plaintiffs are pursuing a nationwide class. It necessarily follows that class members are citizens of states other than Tennessee and Arkansas. Indeed, multiple complaints have been filed by individuals who would be part of the class and are alleged to be citizens of states other than Tennessee and Arkansas. *See, e.g.*, *Meadows v. Evolve Bank and Trust*, No. 24-cv-2450, ECF No. 1 ¶ 13 (W.D. Tenn. June 28, 2024) (plaintiff identified as a citizen of California); *Starling v. Evolve Bank and Trust*, No. 24-cv-549, ECF No. 1 ¶ 16 (E.D. Ark. June 28, 2024) (plaintiff identified as a citizen of Georgia).[3]

18. Accordingly, the requisite minimal diversity under CAFA exists because at least one class member and defendant are citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[3] Further, as the Maine Attorney General's website indicates, over 20,000 individuals in Maine alone were notified of the breach. *See infra* n.4.

*See also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 577 n.6 (2004) ("We understand 'minimal diversity' to mean the existence of at least one party who is diverse in citizenship from one party on the other side of the case, even though the extraconstitutional 'complete diversity' required by our cases is lacking.").

### B. The Proposed Class Exceeds 100 Members

19. Second, CAFA's requirement that the class include at least 100 members is satisfied. Specifically, Plaintiffs allege that "[w]hile the exact number of class members cannot be determined without discovery, upon information and belief, more than 70 million individuals were impacted by the Data Breach." Ex. A, Compl. at 37 ¶ 185. Moreover, judicially noticeable evidence shows that over 7 million individuals were affected by the data breach.[4] Therefore, the size of the putative class exceeds 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Amount in Controversy

20. Third, CAFA's $5 million aggregated amount-in-controversy requirement is also met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *id.* ("Evidence establishing the [jurisdictional] amount is required by 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegations.").

21. Based on the allegations in the Complaint, Plaintiffs prayer for relief includes "actual damages, statutory damages, and punitive damages." Ex. A, Compl. at 56 ¶ 3. With over

---

[4] *See, e.g.*, Office of Maine Attorney General, Consumer Information – Privacy, Identity Theft and Data Security Breaches, Evolve Bank & Trust, https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/a2e61e38-f78d-403d-9abb-3810771bb5d2.html (last accessed Sept. 30, 2024).

70 million affected individuals alleged, the $5 million threshold is readily satisfied if each class member claims entitlement to just $1. So too if the class size were 7 million. Further, Plaintiffs seek "out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft," *id.* at 57 ¶ 7(d), which Plaintiffs claim "can cost around $200 a year per Class Member," *id.* at 32 ¶ 145. These costs also plausibly exceed the $5 million threshold for the putative classes. *See, e.g.*, *Morales v. Conifer Revenue Cycle Sols., LLC*, No. 23-cv-01987, 2023 WL 5236729, at *3 (C.D. Cal. Aug. 15, 2023) (concluding that based on a class size of 120,000, "the cost of 'ongoing' credit monitoring and identity theft protection by Equifax and TransUnion alone will exceed the $5 million dollar minimum required for CAFA"); *Franklin v. CitiMortgage, Inc.*, No. 11-CV-608, 2012 WL 10192, at *5 (S.D. Ohio Jan. 3, 2012) ("It is not incumbent upon a defendant to establish to a legal certainty that the amount in controversy exceeds the jurisdictional threshold, but merely to show that it is more likely than not that the damages will exceed that threshold.").

22. Accordingly, although Evolve contests that Plaintiffs or any putative class member is entitled to any relief whatsoever, based on Plaintiffs' allegations regarding the size of the putative class and the damages Plaintiffs seek, the putative class readily satisfies the $5,000,000 amount-in-controversy threshold under CAFA. *See* 28 U.S.C. § 1332(d)(2).

### D. No CAFA Exception Applies

23. Plaintiffs bear the burden of showing that an exception to CAFA jurisdiction applies. *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 397 (6th Cir. 2016) ("The local controversy exception exists to ensure that 'a truly local controversy—a controversy that uniquely affects a particular locality to the exclusion of all others'—remains in state court."). No such exception applies here.

7

### III. NOTICE OF REMOVAL IS TIMELY

24. The federal removal statute provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

25. Evolve is filing this Notice of Removal within 30 days of the Complaint and Summons being served on September 16, 2024. Accordingly, Evolve's Notice of Removal is timely.

### IV. ALL OTHER REQUIREMENTS FOR REMOVAL ARE MET

26. Because this action was initially brought in the Circuit Court of Davidson County, Tennessee, venue for purposes of removal is proper in this Court under 28 U.S.C. §§ 1441(a), 1446(a): this District embraces Davidson County, Tennessee, the place where the removed action has been pending.

27. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

28. No previous application has been made for the relief requested.

29. A copy of this Notice of Removal will be filed with the Circuit Court of Davidson County, Tennessee, and copies will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).

### V. CONCLUSION

30. Removal of this action is proper under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

WHEREFORE, Defendant Evolve Bank & Trust hereby removes this action from the Circuit Court of Davidson County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division.

Dated: October 9, 2024						Respectfully submitted,

							By: */s/ Diana Marie Fassbender*
							Diana M. Fassbender (TN 033780)
							ORRICK, HERRINGTON & SUTCLIFFE LLP
							2100 Pennsylvania Ave., N.W.
							Washington, D.C. 20037
							202-339-8533
							dszego@orrick.com

							Daniel W. Van Horn (TN 018940)
							Andrew B. Schrack (TN 037624)
							BUTLER SNOW LLP
							6075 Poplar Ave., Ste. 500
							Memphis, TN 38119
							(901) 680-7200
							(901) 680-7201 (fax)
							danny.vanhorn@butlersnow.com
							andrew.schrack@butlersnow.com

							*Attorneys for Defendant Evolve Bank & Trust*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 9, 2024, the foregoing Notice of Removal was electronically filed using the Court's Electronic Filing System, which will send a Notice of Electronic Filing to counsel in the CM/ECF system. All counsel of record will also be notified via e-mail and U.S. mail.

>Kiley L. Grombacher, Esq.
>(Tenn. Bar No. 035569)
>**BRADLEY/GROMBACHER LLP**
>31365 Oak Crest Drive, Suite 240
>Westlake Village, California 91361
>Telephone: 805-270-7100
>Facsimile: 805-270-7589
>E-Mail: kgrombacher@bradleygrombacher.com
>
>Bryan F. Aylstock (pro hac vice forthcoming)
>D. Nicole Guntner (pro hac vice forthcoming)
>**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC**
>17 East Main Street, Suite 200
>Pensacola, FL 32502
>Telephone: 850-202-1010
>Facsimile: 850-916-7449
>E-mail: baylstock@awkolaw.com
>        nguntner@awkolaw.com

*Attorneys for Plaintiffs and the Proposed Class*

By: */s/ Diana Marie Fassbender*
Diana Marie Fassbender